**In re Roy James FISHER, Jr., Debtor.**

**Roy James FISHER, Jr., Plaintiff,**

**v.**

**COMMONWEALTH NATIONAL BANK and Barry A. Solodky, Esq., Trustee, Defendants.**

**Bankruptcy No. 79–02008T (7).**
**Adv. No. 80–0226.**

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 13, 1981.

Richard B. Posey, Lititz, Pa., for debtor.

Leslie Gorbey, Arnold, Beyer & Homsher, Lancaster, Pa., for Commonwealth National Bank.

Barry A. Solodky, Lancaster, Pa., Trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case is before us on debtor's complaint to avoid a judicial lien to the extent it impairs his claimed exemption. The holder of the lien, Commonwealth National Bank [hereinafter, the Bank], contends that its lien may not be avoided because it is not a judicial lien. The Bank also requests that we order the trustee to avoid the conditional sale of the property claimed as exempt. For reasons hereinafter given, we conclude that the debtor may avoid the judicial lien, but that we will not order the trustee to avoid the conditional sale.[1]

In April of 1977, the debtor was the owner of a parcel of real estate subject to a

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

mortgage held by First Federal Savings and Loan Association. On April 8, 1977, the debtor entered into an installment sales agreement for the sale of the real property with one Robert Killian.[2] Killian, not a party to this proceeding, took possession of the real estate on June 1, 1977.

On April 4, 1979, the debtor entered into an agreement with the Bank for the loan of approximately $14,000. To secure repayment of the loan, the debtor executed a promissory note and a document labeled "Explanation of Rights (full confession)," which contained a confession of judgment clause. The Bank entered judgment against the debtor in the amount of $19,-114.20 on May 2, 1979; the docketing of the judgment created a lien against all real property of the debtor. 42 Pa.Cons.Stat. Ann. § 4303 (Purdon).

The debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1979), on October 29, 1979. In the schedules accompanying the petition, the debtor claimed as exempt his interest in the real property in the amount of $7,755.76 pursuant to 11 U.S.C. § 522(d)(5). Pursuant to 11 U.S.C. § 522(f)(1) (1979), the debtor filed the instant complaint to avoid the judicial lien of the Bank to the extent it impaired the debtor's claimed exemption. The Bank answered, and claimed that the debtor was not entitled to avoid its lien because the lien was a security interest, not a judicial lien.

■ The issue of whether the docketing of a confessed judgment creates a judicial lien as defined by the Bankruptcy Code has been answered in the affirmative by several decisions. *In re Natale* 5 B.R. 454 (Bkrptcy. E.D.Pa.1980); *In re Burkholder*, 11 B.R. 346 (Bkrptcy.E.D.Pa.1981). There is no question in our minds that this lien was created not by agreement, but by judicial process. The Code is clear that a lien obtained by judicial process is a judicial lien. 11 U.S.C. § 101(27) (1979). We conclude that the lien held by the Bank is a judicial lien, and therefore, subject to the debtor's avoidance powers under the Bankruptcy Code.

In its brief, the Bank argued that if its lien was determined to be a judicial lien, it is in effect, an unsecured creditor. They request that the court issue an order directing the trustee to avoid the transfer of the property to Killian. This request is based upon the vague assertion that the trustee must represent the unsecured creditors, and the bald allegation that the agreement between the debtor and Killian is unrecorded. There are several reasons we are not persuaded by this extremely hollow argument.

■ First, the purchaser of the property is not properly before this court, and we cannot, and will not, adjudicate issues affecting such person in this procedural posture. Second, the Bank's argument fails to take into account the provisions of 11 U.S.C. § 365(i) and (j) (1979), which deal specifically with executory contracts for the sale of real property, and which provide the exclusive remedies for parties to such contracts. Lastly, the Bank has offered no support whatsoever for its assertion that it may require, or even request, the trustee to avoid a transfer under these circumstances.

In conclusion, and in light of the foregoing discussion, the debtors' prayer to avoid the judicial lien of Commonwealth National Bank is granted.

---

2. The Bank contends that this agreement has never been recorded, and that it first became aware of the agreement when it reviewed the debtor's petition and schedules.